## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CECIL BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-01248 (CKK) |
| ) | |
| SECURIGUARD, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL
## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Defendant Securiguard, Inc. ("Securiguard"), by undersigned counsel, responds as follows to the Plaintiff's Original Collective Action and Class Action Complaint ("the Complaint").

1.     Paragraph No. 1 of the Complaint does not allege any facts, and therefore no response is required. To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

2.     Paragraph No. 2 of the Complaint purports to state a conclusion of law, for which no response is required. To the extent a response may be deemed to be required, Securiguard admits only that this Court has subject matter jurisdiction over the claims as currently alleged in the Complaint.

3.     In response to Paragraph No. 3 of the Complaint, Securiguard admits only that it is a Virginia corporation and that it provides security guard services at certain federal buildings located in the District of Columbia. The remainder of Paragraph No. 3 purports to state a conclusion of law, for which no response is required. To the extent a

response to the remainder of Paragraph No. 3 may be deemed to be required, Securiguard admits only that it is subject to the Court's jurisdiction as to the Plaintiff's claims as currently alleged in the Complaint. Any and all other allegations are denied.

4.      Paragraph No. 4 of the Complaint purports to state a conclusion of law, for which no response is required. To the extent a response may be deemed to be required, Securiguard admits only that venue is permissible in this Court only as to the Plaintiff's claims as currently alleged in the Complaint. Any and all other allegations are denied.

5.      Paragraph No. 5 of the Complaint purports to state a conclusion of law, for which no response is required. To the extent a response may be deemed to be required, Secuiguard denies any and all allegations in this paragraph.

6.      Securiguard admits the allegations in Paragraph No. 6 of the Complaint.

7.      In response to Paragraph No. 7 of the Complaint, Securiguard admits only that the Plaintiff has been, and is, employed by Securiguard in the position of "shift supervisor," that he is currently paid an hourly rate of pay, and that his job responsibilities include those listed in this paragraph. Any and all other allegations are denied.

8.      Paragraph No. 8 of the Complaint purports to state a conclusion of law, for which no response is required. To the extent a response may be deemed to be required, Securiguard admits only that it employs the Plaintiff as a "shift supervisor." Any and all other allegations are denied.

9.      Paragraph No. 9 of the Complaint purports to state a conclusion of law, for which no response is required. To the extent a response may be deemed to be required, Secuiguard denies any and all allegations in this paragraph.

10.     Paragraph No. 10 of the Complaint purports to state a conclusion of law, for which no response is required.  To the extent a response may be deemed to be required, Securiguard admits only that its gross annual revenue exceeds $500,000.  Any and all other allegations are denied.

11.     Paragraph No. 11 of the Complaint purports to state a conclusion of law, for which no response is required.  To the extent a response may be deemed to be required, Secuiguard denies any and all allegations in this paragraph.

12.     In response to Paragraph No. 12 of the Complaint, Securiguard admits only that the Plaintiff regularly spends more than 50 percent of his working time in the District of Columbia.  Any and all other allegations are denied.

13.     Paragraph No. 13 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

14.     Paragraph No. 14 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

15.     In response to Paragraph No. 15 of the Complaint, Securiguard incorporates by reference its responses to the prior paragraphs of the Complaint.

16.     In response to Paragraph No. 16 of the Complaint, Securiguard admits only that it provides security guard services to public and private clients in the Washington, D.C. metropolitan area, and elsewhere, and that the Plaintiff is among those employed by Securiguard at his contract site in the District of Columbia as a "shift supervisor," each of whom currently are paid an hourly rate of pay in that position.  Any

3

and all other allegations are denied. Securiguard further avers that the Plaintiff has been compensated in accordance with applicable law.

17.    In response to Paragraph No. 17 of the Complaint, Securiguard admits only that the job duties of the Plaintiff, in his capacity as a "shift supervisor" at his contract site, include those set forth in this paragraph. Any and all other allegations are denied.

18.    In response to Paragraph No. 18 of the Complaint, Securiguard admits only that some, but not all, of the "shift supervisors" at the contract site, including the Plaintiff, are full time employees, and that these "shift supervisors," including the Plaintiff, currently are paid an hourly rate of pay in that position. Any and all other allegations are denied. Securiguard further avers that the Plaintiff has been compensated in accordance with applicable law.

19.    In response to Paragraph No. 19 of the Complaint, Securiguard admits only that, from time to time, the Plaintiff has worked more than 40 hours in a given work week. Any and all other allegations are denied. Securiguard further avers that the Plaintiff has been compensated in accordance with applicable law, including, when required, payment of overtime in accordance with applicable law.

20.    Securiguard denies the allegations in Paragraph No. 20 of the Complaint.

21.    Securiguard denies the allegations in Paragraph No. 21 of the Complaint.

22.    Securiguard denies the allegations in Paragraph No. 22 of the Complaint.

23.    In response to Paragraph No. 23 of the Complaint, Securiguard incorporates by reference its responses to the prior paragraphs in the Complaint.

24.    Paragraph No. 24 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

25.    Paragraph No. 25 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

26.    In response to Paragraph No. 26 of the Complaint, Securiguard admits only that each of the "shift supervisors" at the Plaintiff's contract site have similar job responsibilities and duties.  Any and all other allegations are denied.

27.    Securiguard denies the allegations in Paragraph No. 27 of the Complaint.

28.    Paragraph No. 28 of the Complaint purports to state a conclusion of law, for which no response is required.  To the extent a response may be deemed to be required, Secuiguard denies any and all allegations in this paragraph.

29.    Paragraph No. 29 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph, except to admit that it has certain address information for current and former "shift supervisors" at the Plaintiff's contract site.  Securiguard further avers that notice of this lawsuit should not be provided to any other employees, either current or former, because the Plaintiff's lawsuit is not properly maintainable as a collective action or as a class action.

30.    In response to Paragraph No. 30 of the Complaint, Securiguard incorporates by reference its responses to the prior paragraphs in the Complaint.

31.    Paragraph No. 31 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

32.    Paragraph No. 32 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

33.    Paragraph No. 33 of the Complaint purports to state a conclusion of law, for which no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

34.    In response to Paragraph No. 34 of the Complaint, Securiguard admits only that each of the individual "shift supervisors" at the Plaintiff's contract site have similar job responsibilities and duties.  Any and all other allegations are denied.

35.    Securiguard denies the allegations in Paragraph No. 35 of the Complaint.

36.    Paragraph No. 36 of the Complaint does not allege any facts, and therefore no response is required.  To the extent a response may be deemed to be required, Securiguard is without knowledge or information sufficient to form a belief as to the truth of any allegations in this paragraph.

37.    Paragraph No. 37 of the Complaint purports to state a conclusion of law, for which no response is required.  To the extent a response may be deemed to be required, Securiguard denies any and all allegations in this paragraph.

38.    In response to Paragraph No. 38 of the Complaint, Securiguard incorporates by reference its responses to the prior paragraphs in the Complaint.

39.    Securiguard denies the allegations in Paragraph No. 39 of the Complaint.

40.     Securiguard denies the allegations in Paragraph No. 40 of the Complaint.

41.     Securiguard denies the allegations in Paragraph No. 41 of the Complaint.

42.     Securiguard denies the allegations in Paragraph No. 42 of the Complaint.

43.     Securiguard denies the allegations in Paragraph No. 43 of the Complaint.

44.     Securiguard denies the allegations in Paragraph No. 44 of the Complaint.

45.     The remainder of the Complaint consists of the Plaintiff's request for relief, for which no response is required. To the extent a response may be deemed to be required, Securiguard denies any and all allegations in the Plaintiff's request for relief, including but not limited to the Plaintiff's claim of entitlement to the specific relief requested, or to any relief at all, both on behalf of himself and on behalf of the putative collective action and class action members. Securiguard also avers that the Plaintiff and all putative collective action and class action members have been compensated in compliance with applicable law.

46.     Securiguard denies any and all allegations in the Complaint, except insofar as any specific allegation in the Complaint has been expressly and specifically admitted in this Answer.

47.     Securiguard asserts the following defenses in further response to the Complaint:

(a)     The Plaintiff, both on behalf of himself and on behalf of the putative collective action and class action members, fails to state a claim, either in whole or in part, for which relief may be granted.

(b)     The Plaintiff and the putative collective action and class action members have been compensated in compliance with applicable law.

7

(c)     The Plaintiff and the putative collective action and class action members are exempt from the minimum wage and/or overtime requirements of the Fair Labor Standards Act and the District of Columbia wage statute.

(d)     The claims asserted by the Plaintiff, both on behalf of himself and on behalf of the putative collective action and class action members, are barred by the applicable statute of limitation.

(e)     The Plaintiff, both on behalf of himself and on behalf of the putative collective action and class action members, cannot circumvent the exclusive remedy provided by Congress in the Fair Labor Standards Act by asserting equivalent claims under the District of Columbia wage statute.

(f)     The claims asserted by the Plaintiff, both on behalf of himself and on behalf of the putative collective action and class action members, are barred by the doctrines of estoppel and waiver.

(g)     Securiguard acted in good faith at all times concerning the Plaintiff and his employment, as well as that of the putative collective action and class action members, and had a reasonable basis to believe that all of its actions complied with applicable law.

(h)     Securiguard did not act willfully or intentionally in violation of any applicable law in connection with the employment of the Plaintiff and the collective action and class action members.

(i)     This case should not proceed as a collective action under the Fair Labor Standards Act, because the claims asserted are based on facts that are

highly individualized, and are not based on any common policy or practice, such that the Plaintiff and the putative members of the collective action are not similarly situated. The Plaintiff also should not be permitted to bring this action as a class action, pursuant to Federal Rule of Civil Procedure Rule 23, by alleging an equivalent, and equally individualized, claim under the District of Columbia wage statute.

(j)     Securiguard does not intend to waive any defense that it may have or assert in this case, and reserves the right to assert such other defenses as may become applicable or may be warranted by discovery or the evidence presented at trial.

48.    <u>Jury Demand</u>:  Securiguard demands a jury trial on all claims so triable.

\*     \*     \*     \*     \*

WHEREFORE, Securiguard respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment against the Plaintiff and in favor of Securiguard, award Securiguard its costs and, to the extent permitted, its attorney's fees, and award Securiguard such other relief as is appropriate in the interest of fairness and justice.

Respectfully submitted,


_____/s/_____
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendant*


## CERTIFICATE OF SERVICE

I hereby certified that I have caused a true and correct copy of the following to be

served by first class mail, postage prepaid, on each of the following on this 8th day of

August 2006:

> Steven A. Luxton, Esq.
> EDWARD BURNS & KRIDER LLP
> 201 North Charles Street, Suite 1402
> Baltimore, MD 21201
> Fax:  (410) 454-0146


_____/s/_____
Scott D. Helsel