UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CECIL BUTLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:06-CV-01248 (CKK) |
| SECURIGUARD, INC., | ) ) ) |
|     Defendant. | ) ) |

**JOINT STATEMENT**

In anticipation of the Initial Scheduling Conference on September 11, 2006, at 3:15 p.m., Plaintiff Cecil Butler ("Butler") and Defendant Securiguard, Inc. ("Securiguard"), each by their undersigned counsel, provide this Joint Statement to the Court pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and the Court's August 9, 2006 Order For Initial Scheduling Conference.

I.   Brief Statement of the Case

Butler alleges that his employer, Securiguard, has failed to pay him in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and similar provisions of the District of Columbia Wage and Hour Law, D.C. Code § 32-1001 *et seq.* More specifically, Butler alleges (1) that Securiguard failed to pay him at 1.5 times his "regular rate" for hours exceeding 40 in a work week, instead paying him only "straight time" for all hours worked, including overtime hours, and (2) that, from time to time, he was required to work during his lunch break but was not paid by Securiguard for this time. In addition to his own claims, Butler seeks to maintain his FLSA claim as a collective action

and his claim under the District of Columbia Wage and Hour Law as a class action pursuant to Federal Rule of Civil Procedure 23.

In response, Securiguard asserts that Butler has been compensated for his work in compliance with applicable law. Securiguard denies Butler's allegations that it has violated the FLSA or the District of Columbia Wage and Hour Law, including the specific alleged violations set forth in the preceding paragraph. In addition, Securiguard also asserts several affirmative defenses, including that Butler and the putative collective action and class action members are exempt from the minimum wage and/or overtime requirements of the FLSA and the District of Columbia Wage and Hour Law, that the claims asserted in the lawsuit are barred, in whole or in part, by the applicable statute of limitations, and that Butler has waived any claims to the extent he has failed to report hours that he may have worked. In the event that Securiguard would be found to have violated any applicable law, Securiguard also contends that it has acted in good faith with a reasonable belief that its actions complied with applicable law, and denies that it willfully or intentionally violated any applicable law. Securiguard also disputes that Butler may properly maintain his lawsuit in a representational capacity, either as a collective action under the FLSA or as a class action pursuant to Federal Rule of Civil Procedure 23.

II.     Matters Discussed by Counsel at the Local Civil Rule 16.3 Conference

Pursuant to Local Civil Rule 16.3, the parties' counsel met by telephone on August 21, 2006, and discussed the following matters set forth in Local Civil Rule 16.3(c):

(1)     There are no dispositive motions presently pending.

(2)     The parties jointly request that December 1, 2006 be set as the deadline for any amendments to pleadings, including the joinder of any additional named parties *but excluding the joinder of any additional plaintiff who may opt-in if the Court certifies this case as a collective action and/or who may be class members if the Court certifies this case as a class action*.  The parties expect that, as this case progresses, they will be able to work cooperatively together to narrow the factual and legal issues that must be decided by the Court and the jury.

(3)     The parties jointly prefer to have this case remain assigned to this Court.

(4)     The parties are currently discussing whether an early settlement may be possible in this case.  Butler and his counsel have been requested to make a settlement demand, which Securiguard will carefully and promptly consider upon receipt.

(5)     The parties believe that the Court's alternative dispute resolution procedures – most likely either mediation before a magistrate or a neutral case evaluation – would be beneficial should the parties not be able to resolve this case by themselves.  The parties agree that ADR should occur in this case as soon as possible, but after an informal exchange or production through discovery of specific items of information, including, from Butler, detailed information supporting his allegations that he worked hours (whether overtime or lunch breaks) for which he may not have been compensated and, from Securiguard, Butler's payroll records for 3 years prior to the filing of the lawsuit.  The parties also agree that significant discovery efforts, including but not limited to depositions and collective action/class action discovery, should be deferred until after the conclusion of ADR.

(6) If the case cannot amicably be resolved, each party anticipates that one or more issues may be amenable to resolution by summary judgment motions after the close of discovery. The parties jointly request that a deadline for the filing of any summary judgment motions should be set for a date certain approximately 45 days after the close of fact discovery, as proposed in paragraph (8) below. Opposition and reply briefing should conform to the regular deadlines set forth in Local Civil Rule 7.

(7) The parties believe that they should comply with the Rule 26(a)(1) initial disclosure obligations without modification, except that the parties stipulate that their initial disclosures shall be served on or before September 18, 2006.

(8) The parties jointly request that, if the case cannot be amicably resolved, a deadline for the close of fact discovery should be set for a date to be determined after the Motion to Conditionally Certify Classes has been ruled upon by the Court. If the Motion is denied, the deadline for the close of fact discovery should be set 2 months thereafter. Any written discovery should be served sufficiently in advance of the deadline so that a response may be made in accordance with the time limits set forth in the Federal Rules of Civil Procedure. The parties do not foresee at this time any need to deviate from the ordinary rules applicable to discovery.

(9) The parties jointly request that, if the case cannot be amicably resolved, a deadline for Butler's Rule 26(b)(2) expert disclosures should be determined after the Motion to Conditionally Certify Classes has been ruled upon by the Court. If the Motion is denied, the deadline should be set for a date certain approximately 1 month after the ruling upon the motion. A date for Securiguard's Rule 26(b)(2) expert disclosures should be set for 30 days after Butler's disclosures are due; and any rebuttal disclosures should

be made within 15 days of this last deadline.  Depositions of any expert witnesses should be completed within 15 days after the rebuttal disclosure deadline, and all expert depositions shall presumptively be held in the Washington, DC metropolitan area.  The provisions for expert disclosure discussed in this paragraph should not apply to any experts on the issue of any attorney's fee award, which the parties agree should be deferred until after a decision on the merits of the lawsuit.

(10) The parties jointly request that January 29, 2007 be set as the deadline for the Plaintiff to file his Motion to Conditionally Certify Classes, with the scheduling of opposition and reply briefing conforming to the regular deadlines set forth in Local Civil Rule 7.  The parties propose to defer discovery and motions practice on Butler's efforts to maintain his lawsuit as a collective action and/or class action until after the conclusion of ADR.

(11) The parties do not presently foresee any need for the bifurcation of discovery or trial.

(12) The parties jointly request that a pretrial conference be scheduled at a mutually convenient time after the Court decides any summary judgment motions and that may be filed.  The pretrial conference should be scheduled at a time that sufficiently enables the parties to comply with their obligations pursuant to Local Civil Rule 16.5.

(13) The parties do not believe that this Court should set a firm trial date at this time, but instead that a trial date should be set at the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

(14) The parties are not aware at this time of any other matters that may be appropriate for inclusion in a scheduling order.

Respectfully submitted,

/s/
Steven A. Luxton (DC Bar No. 470468)
EDWARD BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, MD 21201
Phone: (410) 454-0012
Fax: (410) 454-0146


/s/
Patrick K.A. Elkins (pro hac vice)
EDWARD BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, TX 77002
Phone: (713) 339-3233
Fax: (713) 339-2233

*Counsel for Plaintiff*


/s/
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for Defendant*