UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CECIL BUTLER**           :
　　　　　　　　　　　　　:
　　　　Plaintiff,         :
　　　　　　　　　　　　　:
v.                         :       Civil Action No. **06CV1248**
　　　　　　　　　　　　　:
**SECURIGUARD, INC.**      :
　　　　　　　　　　　　　:
　　　　Defendant          :

## SCHEDULING AND PROCEDURES ORDER[1]

### (JUDGE KOLLAR-KOTELLY)

In order to administer the above-captioned civil case in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost,

it is this _11th_ day of September, 2006,

**ORDERED** that counsel for the plaintiff and the defendants are directed to comply with each of the following directives:[2]

(1)     **COMMUNICATIONS WITH THE COURT:**

Counsel should endeavor to keep communications with chambers to a minimum.
Counsel are advised that chambers staff **cannot** provide legal advice of any kind.

---

[1]     Revised on October 29, 2004.

[2]     The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions.

*Ex parte* communications on matters other than scheduling matters are prohibited. If counsel need to contact chambers, it should be done jointly pursuant to a telephone conference call arranged by the parties.

(2) **MOTIONS FOR EXTENSIONS OF TIME**:[3]

Motions for extensions of time are strongly discouraged. Parties should not expect the court to grant extensions, as they will be granted only in truly exceptional or compelling circumstances. The parties are referred to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996). Motions for extension of time shall be filed at least **four** business days prior to the deadline the motion is seeking to extend. All motions for extensions **must** include the following (otherwise they will not be considered by the court):

   (a)   how many, if any, previous extensions of time the court has granted to each party;

   (b)   the specific grounds for the motion;

   (c)   a statement of the effect that the court's granting of the motion will have on all other previously set deadlines;

   (d)   in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested deadline for the filing of the opposition and reply;[4] and, lastly,

   (e)   pursuant to Local Rule LCvR 7(m) (formerly LCvR 7.1(m)), the moving party shall include a statement of opposing counsel's position vis-a-vis the motion.

---

[3]   The court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

[4]   The deadline for the opposition should be suggested after consulting with opposing counsel.

(3) **PLEADINGS**:

    (a) Every pleading shall indicate, immediately below the Civil Action No. in the caption, the next-scheduled Court deadline, such as a status conference, or pre-trial conference, or trial date.

    (b) Every pleading signed by an attorney or *pro se* party shall, in conformity with Local Rule LCvR 5.1(e), contain the name, address, telephone number, and for an attorney the bar identification number.

    (c) Counsel shall provide Chambers (NOT the Clerk's Office), with a printed courtesy copy of any electronic submission that is over twenty-five (25) pages in total length, or that includes more than one exhibit and/or any exhibits more than ten (10) pages in length. Any exhibits shall be appropriately tabbed for ease of reference.

(4) **DISCOVERY DISPUTES**:

Counsel are referred to Local Rule LCvR 26.2 and expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the court's attention. If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court. **Counsel shall not file a discovery motion without prior consultation with opposing counsel.** Counsel are advised that if the court is called upon to resolve such a motion, the losing **attorney** (not the principal) will be sanctioned pursuant to Fed. R. Civ. P. 37(a)(4).

(5) **DEPOSITION GUIDELINES**:

Counsel will adhere to the following guidelines when taking a deposition:

(a) Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

(b) Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

(c) Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Fed. R. Civ. P. 30(d)(1);

(d) Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

(e) If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for a ruling and remedy. When appropriate, the court will impose sanctions;

(f) All counsel are to conduct themselves in a civil, polite, and professional manner. The court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

(g) In accordance with an amendment to Federal Rule of Civil Procedure 30(d)(2), effective December 1, 2000, no deposition may last more than seven hours (exclusive of breaks), except by leave of the court or stipulation of the parties.

(6) **SUMMARY JUDGMENT**:

The parties shall comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1. The Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002).

A party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. The responding party should include any information relevant to its response in that paragraph. If the responding party has additional facts that are not addressed in the corresponding paragraphs, the responding party should include these at the end of its responsive statement of facts. At all points, parties must furnish precise citations to the portions of the record on which they rely.

Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7, formerly Rule 108(h) (which is the same as rule 56.1). The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. LCvR 7(h), 56.1.

(7)     **SETTLEMENT:**

Counsel are expected to evaluate their respective cases for the purpose of settlement. The court encourages the use of alternative dispute resolution, e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact chambers at any time. If the case settles in whole or in part, plaintiff's counsel shall <u>promptly</u> advise the court.

(8)     **MOTIONS FOR RECONSIDERATION:**

"Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 59(c) and/or 60(b) are met. If one is filed, it shall not exceed **ten** pages in length. Moreover, the court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the court; and (b) arguments which should have been previously raised, but are being

raised for the first time in the "Motion for Reconsideration." *See, e.g., National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

(9) **STATUS CONFERENCE:**

Counsel must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

It is **FURTHER ORDERED** that:

1. **Motions to Amend pleadings and/or to join additional parties** shall be due on or before _12/1/06_
   with Oppositions due on or before _10 days later_
   and Replies, if any, due on or before _5 days later_

2. Proponent's Rule 26(a)(2)(B) statement shall be due on or before _set after motion ruling on class certification_

3. Opponent's Rule 26(a)(2)(B) statement shall be due on or before _set after ruling on motion on certification_

4. Within ~~10~~ 20 days of this Order, the parties are to complete a **discovery plan**, including, but not limited to, precise dates for depositions and the exchange of written discovery.

5. First phase ~~All~~ **discovery will be completed on** or before _1/12/07_.

6. Each party is limited to a maximum of 10 depositions and 25 interrogatories.

7. This case shall be referred to Magistrate Judge _Kay_ for mediation to commence _9/11/06_ and conclude by _11/30/06_. Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions. If referred for Court ordered ADR, the Clerk of the Court is directed to furnish a copy of this Order to the Circuit Executive for the purpose of assigning a mediator.

*Conditional class certification*

8. ~~Dispositive~~ **motions** are due on or before _____1/29/07_____;

   with oppositions due on or before _____2/19/07_____;

   and Replies, if any, due on or before _____2/26/07_____.

9. **A Status Hearing is hereby set for** _in order ruling on motion_.

10. **A Final Status Conference/Motions Hearing/Settlement Conference** is hereby set for _____NA_____ at _____.

Dates for the pretrial conference, motions *in limine*, *voir dire* and trial will be set at the final status hearing, if necessary. The Above Scheduled Dates Are Firm.
**SO ORDERED.**

_____9/11/06_____
Date

_____[signature]_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge