UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CECIL BUTLER, Plaintiff, v. SECURIGUARD, INC., Defendant. | ) ) ) ) ) ) ) Civil Action No. 1:06-CV-01248 (CKK) ) ) ) ) ) ) |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Plaintiff Cecil Butler and Defendant Securiguard, Inc., each by their undersigned counsel, respectfully request that this Court approve a settlement between them that will dispose of this case in its entirety. The apparent necessity of this motion follows from case law suggesting the possibility that private parties are unable to conclusively settle alleged Fair Labor Standards Act ("FLSA") claims without judicial supervision or approval by the Department of Labor. *See, e.g., Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371(4th Cir. 2005), rehearing granted (June 14, 2006). Accordingly, this Court's supervision of the settlement may be necessary to ensure that this lawsuit is finally resolved, once and for all, in a legally binding manner.

The Plaintiff alleges that his employer, the Defendant, violated the FLSA and a similar District of Columbia statute in the manner in which the Plaintiff was compensated. The Defendant denies this claim, and filed an answer denying the Plaintiff's allegations in all relevant particulars. Although the Defendant was prepared to aggressively defend itself, the parties have now been able to reach an amicable settlement that will avoid the uncertainty, expense, and distraction of continued litigation.

The Plaintiff and the Defendant, each through their undersigned counsel, hereby represent to the Court that they each believe that the settlement that they have entered into provides a fair and just resolution based on the facts of this case. The Plaintiff and the Defendant also represent that each has been represented by counsel of their own choosing throughout this lawsuit, and each has consulted with their counsel before agreeing to enter into the settlement. The parties and their counsel have had a sufficient time to investigate the factual basis of the claims and defenses raised in this lawsuit, and neither side believes that any more time is necessary to evaluate the lawsuit further. The parties also have had an opportunity to discuss the specific terms of the written settlement agreement with their counsel, and the parties understand and agree to all of its terms. In particular, the Plaintiff understands that, by entering into the settlement agreement, and in consideration of the promises made by the Defendant as set forth therein, he is agreeing (i) to dismiss his lawsuit with prejudice, with each party to be responsible for its own attorney's fees and costs[1]; and, furthermore, (ii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that he may have had—under the Fair Labor Standards Act, District of Columbia law, or otherwise—in connection with his employment prior to the date of the settlement agreement.[2] The Plaintiff acknowledges that his decision to settle his lawsuit is voluntarily made of his own accord, without any pressure, coercion or undue influence by anyone.

---

[1] Upon being informed that the parties have reached a settlement in principal, the Court entered an order on October 19, 2006 dismissing the lawsuit without prejudice. The Court's order expressly contemplated that final dismissal would be with prejudice once the parties had finalized the terms of their settlement.

[2] The parties have agreed to keep the specific terms of the settlement confidential. The terms of that settlement are governed by a written settlement agreement between them. Any characterizations of those terms in this motion are provided for the Court's benefit only, and do not, and are not intended to, modify or otherwise change the settlement terms as set forth in the written settlement agreement. If the Court wishes to receive more specific information as to those terms, the parties will gladly provide the Court with a copy of their settlement agreement, with the request that the agreement be allowed to be filed under seal pursuant to Local Civil Rule 5.1(j).

Accordingly, the parties respectfully request that this Court approve the settlement they have reached and to dismiss this lawsuit with prejudice.

Respectfully submitted,

_____/s/_____
Steven A. Luxton (DC Bar No. 470468)
EDWARD BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, MD 21201
Phone: (410) 454-0012
Fax: (410) 454-0146


_____/s/_____
Patrick K.A. Elkins (pro hac vice)
EDWARD BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, TX 77002
Phone: (713) 339-3233
Fax: (713) 339-2233

*Counsel for Plaintiff*


_____/s/_____
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for Defendant*